# SOUTH PORTO RICO SUGAR COMPANY, DEMANDANTE Y APELANTE, *v.* PASAPERA ET AL., DEMANDADOS Y APELADOS.

## APELACIÓN procedente de la Corte de Distrito de Mayagüez en un procedimiento de *injunction.*

### No. 2741.—Resuelto en julio 26, 1923.

ARBITRIOS MUNICIPALES—ORDENANZA MUNICIPAL—CONTRIBUCIÓN SOBRE LA PRO-
PIEDAD.—Una ordenanza imponiendo un arbitrio sobre cada romana estable-
cida o que se estableciere dentro de la municipalidad para pesar caña de
azúcar constituye un recargo de la contribución sobre la propiedad que no
puede exceder de los tipos fijados en el artículo 49 de la Ley Municipal.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. F. Manuel Toro* y *O. B. Frazer.*

Abogados de los apelados: *Sres. Benet & Souffront.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

La apelante, una corporación doméstica y dueña de varias romanas dentro de la municipalidad de San Germán, dedicadas a pesar cañas de azúcar, estableció demanda contra el Comisionado Municipal de Hacienda y el Comisionado de Servicio Público de ese municipio, para que se abstuvieran de toda gestión tendente a hacer efectivo el cobro de una contribución impuesta por una ordenanza, cuyas tres primeras secciones son como sigue:

"Sección 1.—Por la presente se señala un impuesto o arbitrio de veinte y cinco dollars al año, por cada romana establecida, o que en lo sucesivo se estableciere, dentro de la municipalidad de San Germán, P. R., para pesar cañas de azúcar."

"Sección 2.—Dicho impuesto o arbitrio será satisfecho a los fondos municipales en todo el mes de febrero de cada año, por el dueño o dueños de las expresadas romanas, sus agentes o representantes en este Municipio.

"Sección 3.—Toda persona, sociedad, corporación, o comité que de algún modo infrinja o ayude a infringir esta ordenanza será denunciado ante la Corte de Paz, y convicta que fuere incurrirá en una multa no mayor de cincuenta dólares o prisión por un término

que no excederá de quince días o ambas penas a discreción del Tribunal.''

En la vista de una orden para mostrar causas, la peticionaria probó que el valor de sus romanas era de $200 a $500 cada una. Fueron admitidos otros hechos alegados en la petición habiendo la corte de distrito declarado sin lugar la solicitud de *injunction* presentada y ordenado fuera disuelto el entredicho anteriormente decretado.

El artículo 49 de la Ley Municipal prescribe lo siguiente:

"Artículo 49.—Los ingresos municipales consistirán:

\*        \*        \*        \*        \*        \*        \*

"(c) En cualquier recargo de la contribución sobre la propiedad imponible del municipio; siempre que así se acordare por las dos terceras partes de la asamblea municipal. Dicho recargo no podrá exceder del uno por ciento, en los municipios de primera y segunda clase y de medio en los de tercera, computándose cualquier contribución adicional autorizada al presente o que en lo futuro se autorice.

\*        \*        \*        \*        \*        \*        \*

"(f) Cualquier otro impuesto, arbitrio o contribución que se decretare por las dos terceras partes de los miembros de la asamblea municipal siempre que el objeto o materia de la contribución no lo fuere de algún impuesto federal o insular.''

El hecho de que a las romanas de pesar caña el Gobierno Insular impone una contribución y que el impuesto municipal, de ser uno sobre la propiedad, es nulo por constituir un recargo de la contribución en exceso del tipo legal, no se disputa, pero insisten los apelados en que el impuesto no es sobre la propiedad, sino un derecho de licencia o impuesto por la *ocupación.*

De ser correcto este modo de ver la cuestión, entonces, por supuesto, que sería inevitable la conclusión a que llegó la parte apelada, esto es, que la ordenanza no es nula "meramente porque la propiedad dedicada al negocio al cual se impone la contribución está sujeta a la contribución general sobre la propiedad.''

Ni nada tenemos que decir en contra de la regla de .interpretación citada por los apelados del tomo 19 de R. C. L., pág. 951, sección 232, que dice así:

"Cuando se adopta una reglamentación municipal que sería legal de ser su objeto para un fin e ilegal si fuera para otro, la presunción es que el fin fué legal, a menos que aparezca claramente lo contrario."

Pero en cuanto a las premisas envueltas en estas dos proposiciones, considerando los hechos del presente caso, creemos "que aparece claramente lo contrario."

Si los municipios pueden imponer una contribución a las romanas a tipos exorbitantes cuando se dedican a pesar caña, pueden también quedar igualmente sujetas a tal impuesto si se dedican a pesar café, tabaco, papas, frutos citrosos, guineos, o cualquier otro artículo o cosa.

Además, como indica la apelante, si fuera válida la ordenanza entonces puede imponerse un impuesto al mismo tipo a una yunta de bueyes, a una pareja de mulas, o a un arado de vapor cuando se usan para cultivar el suelo, y una contribución semejante puede imponerse a todos los aparatos de agricultura cuando se emplean para fines agrícolas.

En resumen, cualquiera o toda la propiedad mueble podría fácilmente quedar sujeta en la misma forma al impuesto y pronto quedaría convertida en letra muerta la limitación estatutoria referente a recargos a la propiedad a la cual ya se ha fijado contribución, o a los impuestos que invaden un campo ya cubierto por el Gobierno Insular.

Si existe en esta isla tal negocio como es el de pesar caña, y los municipios desean imponer un impuesto al mismo por tal ocupación, no es cuestión difícil redactar una ordenanza adaptada a este fin en lenguaje razonablemente claro. Pero no pueden ellos eludir la prohibición estatutoria sobre recargos en exceso del tipo especificado, con decir simplemente que ha de pagarse el impuesto cuando se usa la propiedad

en cuestión con el fin al cual se pretendía dedicar o establecer.

En el caso de *Fantauzzi* v. *Asamblea Municipal de Arroyo,* 30 D. P. R. 423, y en el de *Sucesores de J. González & Cía.* v. *Asamblea Municipal de Guayama,* 31 D. P. R. 428, fué considerada y discutida con alguna extensión la cuestión referente a la facultad municipal en materia de arbitrios. No es necesario que tratemos ahora de fijar los límites exactos de esa facultad en ningún caso hipotético, ni trazar una línea divisoria definida entre la propiedad de la clase arriba indicada y otros artículos que pueden o no quedar incluídos luego en la lista de cosas, tales como mesas de billar, coches y automóviles, reconocidos generalmente como sujetos al ejercicio legítimo de tal poder, aun cuando sólo se usen por su dueño para su propio recreo o diversión, e incidentalmente para los fines que se intentaba dárseles.

En el presente caso la corte inferior resolvió en sentido adverso a los apelados, por el fundamento de que el *injunction* no es el remedio adecuado, conteniendo el alegato del apelante cierto razonamiento en apoyo de dicha resolución. En contestación a esto el abogado de los apelados llama la atención al hecho de no estar ellos en la obligación de considerar ese punto, pero insiste en una supuesta diferencia entre las facultades generales de las cortes federales y el poder estatutorio de nuestros tribunales insulares. En relación con esto se nos hace referencia a la cuestión materia de duda en el caso de *Central Victoria* v. *Pérez,* 30 D. P. R. 447, y *Mayagüez Show Company* v. *Municipio de Mayagüez,* 30 D. P. R. 451, y a los apartados 3 y 6 de la sección 4 de la ley de 1908.

El estatuto en que de tal modo descansa la apelante prescribe que "No podrá otorgarse un *injunction*: * * * (3) Para impedir el cumplimiento de un estatuto público

por funcionarios de la ley, en beneficio del público   *   *   *
(6)   Para impedir que una corporación municipal ejecute
un acto legislativo.''

La consideración del primero de los apartados citados
envolvería al principio varias cuestiones de interpretación
estatutoria que resultan al momento claras e interesantes.
Pero no disponemos de tiempo para hacer ahora una inves-
tigación independiente sobre estos extremos.   En cuanto al
párrafo sexto nos inclinamos vigorosamente al parecer de
que el pretendido acto de hacer cumplir una ordenanza mu-
nicipal que es nula, por el comisionado municipal de ha-
cienda y el comisionado de servicio público de un munici-
pio, no es ''un acto legislativo de una corporación munici-
pal.''

Por otra parte, el artículo 3 de la misma ley y la sub-
división primera prescriben lo siguiente:

''Puede concederse un *injunction* en los siguientes casos:

''1.—Cuando resultare de la petición que el peticionario tiene
derecho al remedio solicitado, y dicho remedio, o parte del mismo,
consistiere en impedir la comisión o continuación del acto denun-
ciado, bien por un período de tiempo limitado, o perpetuamente.''

Si la legislatura tuvo la intención de conferir a las cor-
tes insulares amplia facultad para expedir *injunctions* en
todos los casos en que dicho auto se expide por cualquier
corte de equidad, y que en dicha ley después no se enume-
ran o excluyen expresamente, entonces el amplio carácter
de las palabras realmente empleadas, interpretado a la luz
de los párrafos que siguen inmediatamente, se adapta ad-
mirablemente, para llegar a ese fin.

El artículo 65 de la Ley Municipal prescribe expresa-
mente que ''Las cortes de distrito tendrán jurisdicción a
instancia de parte perjudicada:   *   *   *   (*b*) Para suspen-
der mediante *injunction* la ejecución de cualquier ordenanza,
acuerdo, resolución u orden que lesione derechos garanti-
zados por la Constitución o las leyes insulares.''

Aparte de tal cuestión constitucional sobre el debido proceso de ley, la Ley Municipal, que es una constitución para los municipios insulares, en su limitación al poder municipal legislativo en materia de contribución por necesaria deducción reconoce en el dueño de la propiedad un derecho a estar libre del gravamen y vejamen de una contribución ilegal en exceso del tipo fijado en el estatuto, o de otro modo no autorizada.

Dentro de las circunstancias y a falta de alguna luz adicional sobre la cuestión, nos vemos obligados a resolver, por lo menos experimentalmente, que el poner en vigor la ordenanza municipal en cuestión equivaldría a la violación de un derecho del peticionario que está "garantizado por las leyes insulares."

Debe revocarse la sentencia apelada y en su lugar dictarse otra por esta corte de acuerdo con la súplica de la petición.

*Revocada la sentencia apelada sin costas.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Franco Soto.